United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-50266
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN WENGLER,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(A-03-CR-210-2-SS)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brian Wengler appeals his sentence, following his guilty-plea conviction for conspiracy to manufacture methamphetamine. Wengler contends that the district court erroneously decided that an upward sentencing departure was warranted because his criminal history score did not properly reflect the severity of his past criminal behavior. Alternatively, Wengler claims that the extent of the departure was unreasonable. Wengler contends for the first time on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

appeal that the departure violated his Sixth Amendment rights as outlined in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005).

Wengler has not shown that the decision to upwardly depart was either unreasonable or an abuse of discretion. *See United States v. Simkanin*, 420 F.3d 397, 416 (5th Cir. 2005); *United States v. Smith*, 417 F.3d 483, 489 (5th Cir. 2005), *cert. denied*, 2005 WL 3027879 (U.S. 14 Nov. 2005) (No. 05-7063). The decision was grounded in an acceptable basis. *See* 18 U.S.C. § 3553(a)(1). Further, the extent of the departure was acceptable. *See Smith*, 417 F.3d at 492.

Nor has Wengler shown he should receive relief under *Booker*. Because Wengler did not present this claim in district court, it is reviewed only for plain error. *See United States v. Saldana*, Nos. 04-50527, 04-50591, 2005 WL 2404810, at *6 (5th Cir. 30 Sept. 2005). There is nothing in the record showing the district court would have acted differently under an advisory Guidelines system. *See id*. Therefore, Wengler has not shown his substantial rights were violated. *See id. at *7*.

*AFFIRMED*

2